13-2989-cv
Kennedy v. City of New York, et. al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fourteen.

PRESENT: GUIDO CALABRESI,
               GERARD E. LYNCH,
               RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

_____

MICHAEL KENNEDY,

                        *Plaintiff - Appellant*,

         v.                                    No. 13-2989-cv

CITY OF NEW YORK, ANTHONY CARREIRA, POLICE OFFICER SHIELD #20533, KULKA, P.O.,

                        *Defendants - Appellees,*

DENNIS LANE, SGT. HELD, P.O. SHIELD #2103, CORDINER, P.O., P.O. SHIELD #13774, POLICE OFFICERS JOHN DOES #1-8, names and number of whom are unknown at present, and other unidentified members of the New York City Police Department, LAMANTIA, LT.,

                        *Defendants.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

FOR APPELLANT:          Stuart E. Jacobs, New York, New York.

FOR APPELLEES:          Zachary W. Carter, Corporation Counsel, Pamela Seider
                        Dolgow, Karl J. Ashanti, Elizabeth S. Natrella, of Counsel,
                        New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order and judgment of the district court is AFFIRMED.

Plaintiff-appellant Michael Kennedy appeals from the district court's grant of summary judgment in favor of the defendants-appellees the City of New York and Police Officers Anthony Carreira and Thomas Kulka ("defendants") on Kennedy's claims of false arrest and malicious prosecution, pursuant to 42 U.S.C. §§ 1983 and 1988 and New York State common law, in connection with his 2008 arrest for alleged violations of various New York State traffic laws – charges later dismissed for failure to provide Kennedy with a speedy trial. Kennedy withdrew his claims against the other parties originally named as defendants, as well as other various state law claims, and does not challenge the dismissal of those claims with prejudice. Thus we review the district court's grant of summary judgment with regard to his constitutional claims against the above-captioned defendants for false arrest and malicious prosecution and the pendent state law claim for malicious prosecution. We assume the parties' familiarity with the facts and the procedural history, which we describe only as necessary to explain our decision.

2

"We review a district court's grant of summary judgment *de novo*, resolving all ambiguities and drawing all reasonable inferences against the moving party." Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P., --- F.3d ---, ---, 2014 WL 2219162, at *4 (2d Cir. 2014). We will affirm only if "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Id, quoting Fed. R. Civ. P. 56(a).

"When an officer observes a traffic offense – however minor – he has probable cause to stop the driver of the vehicle" and effect a subsequent arrest for that offense. United States v. Scopo, 19 F.3d 777, 782 (2d Cir. 1994). Where it exists, probable cause "presents a total defense to [a plaintiff's] actions for false arrest and malicious prosecution [and] entitle[s the defendants] to judgment as a matter of law." Stansbury v. Wertman, 721 F.3d 84, 89 (2d Cir. 2013).

Carreira testified under oath that he initially detained Kennedy for, among other traffic violations, driving through a red light without stopping, and then, following the stop, observed that Kennedy showed signs of intoxication. At his own deposition, Kennedy testified, upon thorough questioning by opposing counsel, that he was unable to remember whether he encountered any red lights before being pulled over. Kennedy's deposition testimony, which essentially claims a lack of recollection, is not sufficient to contradict Carreira's testimony, or to raise a genuine dispute of fact. Carreira's testimony that Kennedy drove through a red light thus provides a basis for the initial stop, as well as the subsequent arrest and prosecution.

On appeal, Kennedy argues that a factual dispute exists because he submitted an affidavit with his Local Rule 56.1 counterstatement of material facts in which he denied that he ran a red light, and asserted that he complied with all relevant traffic laws. However, it is well established in this circuit that

> a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony. "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Thus, factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not "genuine" issues for trial.

Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996), quoting Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969) (internal citations omitted). We have applied this principle to affirm a grant of summary judgment against a party who testified in his deposition that he was unable to remember a particular fact, and then, in response to a summary judgment motion, submitted an affidavit claiming a recollection of events that would have raised an issue for trial. Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997).

We thus conclude that Kennedy cannot rely on his affidavit to raise a disputed issue of material fact, where that affidavit contradicts his earlier deposition testimony. In the absence of his affidavit there is no dispute that the arresting officer had probable cause to perform the traffic stop and arrest Kennedy. The existence of probable cause defeats Kennedy's claims for false arrest and malicious prosecution.

4

For the reasons set forth above, the district court properly granted the defendants'

motion for summary judgment. We have considered Kennedy's other arguments and

found them to be without merit. Accordingly, the judgment of the district court is

AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court